UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ERNESTO PARROQUIANO DIAZ, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA INC., a Delaware corporation, and DOES 1- 10, inclusive,<br><br>     Defendants. | Case No. 2:25-cv-09679-HDV-AGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES [13]** |

## I.      INTRODUCTION

This lemon law action arises out of Plaintiff Jorge Ernesto Parroquiano Diaz's purchase of a 2022 Nissan Kicks (the "Vehicle").  Plaintiff alleges that the Vehicle experienced "engine and electrical presentations" during the warranty period that substantially impaired the use of the Vehicle.  Complaint ¶ 12 [Dkt. 1-2].

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 13], which asserts that Defendant Nissan North America Inc. did not timely file its Notice of Removal [Dkt. 1] and that it failed to satisfy its burden of establishing the Court has subject matter jurisdiction.  Motion at 5-10. Specifically, Plaintiff alleges that the amount in controversy does not exceed the requirement for federal diversity jurisdiction.

Because Defendant's removal was timely, and the amount in controversy requirement is met, the Court finds removal was proper. The Motion is denied.[1]

## II.     BACKGROUND

Plaintiff purchased the Vehicle in June 2021.  Complaint ¶ 9.  Plaintiff alleges the Vehicle was defective and that Defendant failed to fulfill its warranty obligations.  *Id.* ¶¶ 12-14.

Plaintiff filed a Complaint on September 5, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), the federal Magnuson-Moss Warranty Act ("MMWA"), and the California Uniform Commercial Code.  *Id.* ¶¶ 8-61.  Defendant was served with the Complaint on September 9, 2025.  Notice of Removal, Ex. A (Notice of Service of Process) [Dkt. 1-2].  Defendant filed its Answer on October 8, 2025.  Notice of Removal, Ex. B (Nissan North America, Inc.'s Answer to Complaint) [Dkt. 1-3].  The next day, on October 9, 2025, Defendant removed the case, asserting that this Court has subject matter jurisdiction.  Notice of Removal at 3–6.  Defendant also produced the sales contract for the Vehicle, which showed the total sale price of the Vehicle, including sale tax and financing charges, to be $36,001.28.  Notice of Removal, Ex. C ("Sale Contract") [Dkt. 1-4].

Plaintiff filed the instant Motion on November 7, 2025.  [Dkt. 13].  After full briefing, see

---

[1] Because the Motion to Remand is denied, Plaintiff's attendant request for attorneys' fees is also denied.

Opposition [Dkt. 15], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 16].

## III. LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject-matter jurisdiction at the time of removal, which exists when the suit arises under federal law or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal "must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1). This 30-day deadline, although procedural in nature, is mandatory, and a successful challenge to removal based on a late notice requires remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

The removing party bears the burden of establishing federal subject matter jurisdiction. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)).

## IV. DISCUSSION

### A. Timeliness of Removal

Defendant was served with the Complaint on September 9, 2025. Notice of Removal, Ex. A (Notice of Service of Process). Plaintiff correctly points out that under 28 U.S.C. § 1446, Defendant was required to file its Notice of Removal by October 9, 2025. Motion at 1. Indeed, Defendant timely filed its Notice of Removal on October 9, 2025. [Dkt. 1]. But in the Motion and in counsel's declaration under penalty of perjury, Plaintiff emphatically (and incorrectly) represents to this Court that Defendant's removal was filed on October 17, 2025—eight days later than required.[2] Such an

---

[2] *See* Motion at 1 ("Defendant's removal, on October 17, 2025, was eight (8) days late."); *Id.* at 2-3 ("Defendant's Notice of Removal was filed 8 days after the thirty (30) day deadline for removal, which was October 9, 2025, as prescribed by 28 U.S.C. § 1446(b)(1)."); Declaration of Hannah C.

inaccurate submission to the Court is troubling and borders on sanctionable. *See* Fed. R. Civ. P. 11(b) (By presenting a written motion to the court, an attorney certifies that (1) "it is not being presented for any improper purpose"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument"; (3) "the factual contentions have evidentiary support"; and (4) "the denials of factual contentions are warranted on the evidence[.]").

Removal was clearly timely.

**B.      Subject Matter Jurisdiction**

The parties dispute whether the amount in controversy requirement is met.[3] "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

The Sale Contract reveals that the cash price of the Vehicle and accessories was $19,992.00. Sale Contract at 2. It also showed that the total cash price (including sales tax, an electronic vehicle registration charge, and other collateral charges) was $29,021.28; that Plaintiff made a down payment of $2,000.00; and that he financed $27,044.28, incurring financing charges of $6,957.00—for a total cost of $36,001.28. *Id.* at 1. Defendant estimates actual damages to be $35,677.91, which takes into account $323.37 in total deductions, including estimates of mileage offset.

---

Theophil, Esq. in Support of Plaintiff's Motion to Remand ¶ 7 ("Defendants' Notice of Removal was filed nearly 8 days after the thirty (30) day deadline for removal, which was October 9, 2025, as prescribed by 28 U.S.C. § 1446(b)(1). Defendant filed its Notice of Removal on October 17, 2025.").

[3] Plaintiff does not contest that the complete diversity requirement is met. The Court is satisfied that complete diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Tennessee.

Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civ. Code § 1794. "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025). Here, Plaintiff's potential recovery in civil penalties is double the actual damages, or $71,355.82. This brings the amount in controversy to $107,033.73, easily exceeding the jurisdictional threshold before even accounting for attorneys' fees.

The Court has diversity jurisdiction over the action.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied.

Dated:  March 4, 2026

_____
Hernán D. Vera
United States District Judge

5